UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   CV 20-2977-SVW (KS)                                        Date: April 3, 2020

Title      *Robin K. Cho v. Pelican Bay State Prison*


Present: The Honorable:   Karen L. Stevenson, United States Magistrate Judge

|  Gay Roberson  |  N/A  |
| --- | --- |
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:        Attorneys Present for Defendants:

**Proceedings:  (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

On March 30, 2020, Petitioner, a California state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas pursuant to 28 U.S.C. § 2254 (the "Petition"). (Dkt. No. 1.) Petitioner also filed a Request to Exceed Page Limits as the Petition with attachments comprises 148 pages. (Dkt. No. 3.)[1] Petitioner challenges his 2012 conviction and 2014 sentence for first degree murder and two counts of second degree murder with special circumstance allegations and firearm enhancements. (Petition at 2.)  Petitioner is serving a sentence of life imprisonment without the possibility of parole, plus 105 years to life. (*Id.*)

The form petition indicates that Petitioner appealed the judgment of conviction to the California Court of Appeal, which affirmed the judgment of conviction on June 21, 2017.  He next filed a Petition for Review with the California Supreme Court, which denied review on September 13, 2017.  On May 15, 2018, Petitioner filed a habeas petition in the California Superior Court for Los Angeles County (case no. BA354153), seeking relief on four grounds:  ineffective assistance of counsel; *Brady* violation; prosecutor's use of perjured testimony; and false evidence used to convict. (*Id*. at 4.)  The Superior Court denied the petition on December 3, 2018. (*Id.*)  Petitioner then raised the same grounds in habeas petitions before the California Court of Appeal (case no. B295245) and the California Supreme Court (case no. S256732). (*Id.*)  The California Supreme Court denied review on October 9, 2019. (*Id.* at 5.)

In the instant Petition, when asked to state on what grounds Petitioner claims he is being held in violation of the Constitution, laws, or treaties of the United States, and to identify the

---

[1]   Because of the defects identified in the Petition, the Court declines to address the Request to Exceed Page Limits in this Order to Show Cause.

supporting facts for his claims, Petitioner wrote as to Grounds One through Four: "Please see attached." (Petition at 5-6.) Petitioner provided no additional information for any of the claims. (*See generally id.* at 5.)

Petitioner attached to the Petition what appears to be portions of his opening brief in the California Court of Appeal, including a Table of Contents that sets out sixteen (16) separate grounds for relief, including three claims of ineffective Assistance of Counsel (Grounds One through Three); nine (9) separate grounds each labeled as "Trial Court Erred Ruling" (Grounds Four through Thirteen); a "Brady Violation" (Ground Fourteen); Prosecutorial Misconduct (Ground Fifteen); and Cumulative Effect of Multiple Errors (Ground Sixteen). (Petition at CM/ECF Page ID 9.) Petitioner also attached photographs labeled as "Prosecution' [sic] Latex Glove Tip Evidence" (CM/ECF Page ID 48-50), and what appears to be his Petition for Writ of Habeas Corpus filed with the California Supreme Court on July 5, 2019, including all of the supporting documents filed with that petition, including photographs, declarations, and email correspondence. (Petition at CM/ECF Page ID 52-136.) Petitioner's attachments also include an Order Denying Petition for Writ of Habeas Corpus issued by the Superior Court of the State of California County of Los Angeles (Petition at CM/ECF Page ID 136-139), and an Order of the Court of Appeal of the State of California dated denying his petition for writ of habeas corpus (Petition at CM/ECF Page ID 140).

According to the form habeas petition, Petitioner asserts only five grounds for relief. (Petition at 5-6.) But when asked to identify the specific grounds for relief and any supporting facts, Petitioner states, "Please see attached," and the only attachment is Petitioner's opening brief in the California Court of Appeal, which, as stated above, includes at least sixteen different arguments. Accordingly, the Court cannot determine which of Petitioner's numerous arguments raised before the California Court of Appeal he is presenting to this Court as grounds for federal habeas relief.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires a district court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petition is not entitled to relief." Habeas Rule 4. Additionally, Habeas Rule 2 requires, *inter alia*, that the petition specify the grounds for relief, state the facts supporting each ground, state the relief requested, be legible, and be signed under penalty of perjury by Petitioner. Because the

Petition does not clearly identify the legal and factual basis for Petitioner's claims, the Petition is subject to dismissal.

      IT IS THEREFORE ORDERED that Petitioner shall SHOW CAUSE no later than **May 4, 2020** why the Petition should not be dismissed for failure to comply with Habeas Rule 2(c) and Habeas Rule 4.  Petitioner may discharge this Order by filing one of the following on or before the May 4, 2020 deadline:

      (1) A signed Notice of Voluntary Dismissal pursuant to Fed. R. Civ. P. 41(a); or

      (2) A complete First Amended Petition that is signed, does not refer to or rely on any of Petitioner's earlier pleading or its attachments, identifies with specificity each ground on which he seeks habeas relief, and articulates specific facts supporting each claim for habeas relief.  If Petitioner elects to file a First Amended Petition, he may attach to that petition one or more of his state court briefs and refer to them for the supporting facts and law.  However, he must also **clearly and unambiguously identify for this Court, preferably in the form petition, the federal constitutional arguments he is raising for federal habeas relief**.[2]

      **Petitioner's failure to timely comply with this Order and show cause why the Petition should not be dismissed may result in a recommendation of dismissal pursuant to Habeas Rule 4 and/or Local Rule 41-1 and Fed. R. Civ. P. 41.**

      The Clerk is directed to send Petitioner the Central District's form state habeas petition and a copy of his Petition with attachments (Dkt. No. 1).

      **IT IS SO ORDERED**.

                                                                          **Initials of Preparer**   gr

---

[2]  Petitioner is cautioned that "federal habeas corpus relief does not lie for errors of state law," and "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  Accordingly, claims that aspects of Petitioner's trial violated California state court precedent or California state law are not cognizable on federal habeas review.